| | | | |
|---|---|---|---|
| | AUSA: | Craig Weier | Telephone: (313) 226-9678 |
| AO 91 (Rev. 11/11) Criminal Complaint | Task Force Officer: | Christopher Bachand | Telephone: (248) 962-8113 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Deon Cortez Fraizer

Case No. Case: 2:22–mj–30169
Assigned To : Unassigned
Assign. Date : 4/6/2022
USA V. SEALED MATTER (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 15, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §1029 (a)(2) | Device Fraud Use of Unauthorized Access Device to Obtain $1000 or More |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher Bachand, Special Agent
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: April 6, 2022

_____
Judge's signature

City and state: Detroit, MI

Kimberly G Altman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Chris Bachand, Task Force Officer of the Federal Bureau of Investigation (FBI), being duly sworn, state that:

## INTRODUCTION AND INVESTIGATOR BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. I am empowered to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code.

2. I have been assigned as a Task Force Officer with the FBI since January 2021. During my assignment as a Task Force Officer, I have investigated federal crimes including wire fraud, bank fraud, unemployment fraud, and various other criminal matters. At all times during the investigation described in this affidavit, I have been acting in an official capacity as a Task Force Officer of the FBI.

3. This affidavit is made in support of a criminal complaint and arrest warrant for DEON CORTEZ FRAIZER (FRAIZER) for violations of Title 18, U.S.C. §1029 (Fraud and Related Activity in Connection with Access Devices).

4. Based on my training and experience, and the facts set forth in this affidavit, there is probable cause to believe that FRAIZER, a resident of the Eastern District of

1

Michigan, is responsible for knowingly possessing and using unauthorized access devices to obtain $1000 or more within the Eastern District of Michigan.

5. This affidavit is submitted for securing a criminal complaint and arrest warrant; therefore, this affidavit does not contain every fact that I have learned during the course of the investigation. I have only set forth facts necessary to establish probable cause to believe that FRAIZER violated the statute identified above. The information contained in this affidavit is based upon my personal knowledge, training and experience, as well as the combined knowledge, training and experience of other law enforcement officers and agents with whom I have had discussions.

6. Title 18, U.S.C. §1029(a)(2) criminalizes using one or more unauthorized access devices during any one-year period to obtain anything of value aggregating $1,000 or more. An access device is defined as any card, account number, personal identification number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or other things of value, or can be used to initiate a transfer of funds. An unauthorized access device means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

## **BACKGROUND**

7. This joint investigation conducted by the FBI and the Department of Labor - Office of the Inspector General (DOL-OIG) has revealed, as explained in more detail below, that FRAIZER is executing a scheme to defraud by fraudulently obtaining unemployment benefits issued in various names on unauthorized access devices in the form of prepaid debit cards and then using the cards to make cash withdrawals.

8. The federal government provided substantial assistance to the States through the Families First Coronavirus Response Act (FFCRA), which became law on March 18, 2020, and provided additional flexibility for State unemployment insurance agencies and additional administrative funding to respond to the COVID-19 pandemic. Additionally, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020, and further expands the ability of the States to provide unemployment insurance (UI) for many workers impacted by the COVID-19 pandemic, including workers who are not ordinarily eligible for unemployment benefits. The Federal Pandemic Unemployment Compensation (FPUC) program was created under the aforementioned statutes and allowed eligible individuals who are collecting certain UI benefits, including regular unemployment compensation, to receive an additional $600 in federal benefits per week for weeks of unemployment ending on or before July 31, 2020. Additionally,

the Pandemic Emergency Unemployment Compensation (PEUC) program has been created and allows those who have exhausted benefits under regular unemployment compensation or other programs to receive up to 13 weeks of additional federally funded benefits.

9. Normally (in the absence of fraud), an unemployed worker initiates an unemployment claim. Currently, the overwhelming majority of unemployment claims are filed online through state-organized websites. In most cases, in order to be eligible for unemployment benefits, the worker must demonstrate a certain level of earnings in several quarters immediately preceding the application. The amount of unemployment benefits that an unemployment claimant might be eligible for depends on a variety of 6 factors, including, but not limited to, the length of his or her previous employment and the amount of wages he or she earned.

10. One way in which UI benefits are provided to a claimant in the State of California is through the use of a prepaid debit card, issued by Bank of America and sent to the claimant through the mail. The unemployment benefits are loaded onto the debit card electronically, and additional benefits are loaded onto the card electronically every two weeks. Alternatively, a worker can provide a bank routing number and bank account in which to have their unemployment benefits directly deposited electronically. Additional benefits are then deposited into the account electronically every two weeks.

# Probable Cause

## Fraud in Connection with Access Devices

11. On December 15, 2020, officers from the Troy Police Department (TPD) encountered FRAIZER during a traffic stop near Coolidge and Big Beaver Rd., in the Eastern District of Michigan. FRAIZER was the driver and sole occupant of the vehicle.

12. During the traffic stop, it was determined that FRAIZER had a suspended driver's license, and he was subsequently arrested. During the course of the arrest, FRAIZER's person was searched. During the search, officers found a Bank of America ATM receipt from the Troy Somerset Bank of America ATM for a $1,000 withdrawal from a checking account, time-stamped **December 15th 2020** at 12:37 pm. The last 4 digits listed for the card used to complete the withdrawal were **7884** (x7884), and the listed remaining balance on the account was $15,400.

13. An inventory search of FRAIZER's vehicle was conducted. Officers located a second Bank of America ATM receipt for a $1,000 withdrawal from the Bank of America ATM located at Ryan Rd and Warren Rd on December 4th, 2020 at 3:22 pm using a card ending in **6550** (x6550), with a remaining balance of $23,500 shown.

14. The inventory search of the vehicle also yielded seven debit cards in various names, one of which was a Bank of America card ending in **7884** and another which was a Bank of America card ending in **6550**.

- Card x7884 was a Bank of America Visa debit card in the name of "I. S. Rimson" (Abbreviated).

- Card x6550 was a Bank of America Visa debit card in the name of "Deon Frazier".

15. While at TPD, FRAIZER was interviewed by officers. During the interview, FRAIZER was asked about the items located on his person and inside the vehicle:

- FRAIZER stated that the card in the name of "Deon Frazier" (x6550) was his. He stated that after failing to legitimately obtain MI unemployment benefits, he contacted an unnamed individual on the messaging app "Telegram" and provided his social security number in exchange for helping him obtain unemployment benefits. FRAIZER stated that the card x6550 was delivered to his residence through the mail.

- FRAIZER stated that he was aware of card x7884 and originally stated that he knew Rimson. When pressed, he then stated that he did not actually know her but knew her through the unnamed individual from "Telegram". He said he did not know if she would say he had permission to use the card.

6

- FRAIZER stated that he was the one who made the $1,000 ATM withdrawals using card x7884 on December 15th, 2020 and card x6550 on December 4th, 2020. He also stated that he had used all of the cards to make withdrawals on other occasions.

16. Records obtained from DOL-OIG revealed that cards x6550 and x7884 were both prepaid unemployment benefit debit cards issued by the state of California. Card x6550 was funded $25,500 and was in the name of "Deon Frazier", with a listed address of xxxxx Cxxxxxx Apt xxx, Madison Heights, MI (Redacted), and listed FRAIZER's correct date of birth. Card x7884 was funded $26,400 and was in the name of "I. S. Rimson" (Abbreviated), with a listed address of xxxxx Cxxxxxx, Sterling Heights, MI (Redacted). MI Secretary of State database checks showed that no one by those names was registered at those addresses.

17. In addition to the above mentioned unemployment benefit cards, the inventory search of FRAIZER's vehicle revealed that FRAIZER was in possession of a social security card bearing the name "R. A. Bettinger" (Abbreviated) with an SSN of xxx-xx-xxx9 (Redacted), along with the social security card, birth certificate, and immunization records bearing the name "L. R. McCloud-Bey" (Abbreviated).

18. The vehicle also contained multiple pieces of Personal Identifying Information (PII) at the time of FRAIZER's arrest. The following PII was found written on 13 pieces of paper located within a folder found inside the vehicle.

| Name (Abbreviated) | DOB (Redacted) | SSN (Redacted) | Address (Redacted) |
|---|---|---|---|
| S. White | xx/xx/1960 | xxx-xx-xxx4 | xxxx x Axxxxx, Tucson, AZ |
| M. D. White | xx/xx/1955 | xxx-xx-xxx0 | xxxxx xx Dxxxxxx Rd, Augusta, KS |
| M. T. White | xx/xx/1962 | xxx-xx-xxx0 | xxx Txxxx Dr, Pittsburgh, PA |
| A. Haugbook | xx/xx/1961 | xxx-xx-xxx2 | xxxx Vxxxxxx xxxx St, 48206 |
| M. White | xx/xx/1967 | xxx-xx-xxx1 | xxxx Hxxxxxx xxxxx, Memphis, TN |
| A. Miller | xx/xx/1967 | xxx-xx-xxx0 | xxxx Hxxxxxxx, Harrisburg, PA |
| A. White | xx/xx/1969 | xxx-xx-xxx5 | |
| K. Davis | xx/xx/1982 | xxx-xx-xxx5 | xxx Fxxxxxx Ave, Washington, PA |
| C. A. White | xx/xx/1967 | xxx-xx-xxx7 | xxx Mxxxxxx, Ridley Park, PA |
| S. C. Miller | xx/xx/1962 | xxx-xx-xxx2 | xxxxx Txxxxxxxxx, Grand Blanc, MI |
| S. P. Scott | xx/xx/1963 | xxx-xx-xxx8 | xx Cxxxxxx St, Attlebo, MA |
| M. S. White | xx/xx/1969 | xxx-xx-xxx8 | xxx x Nxxxxx, Warwick, RI |
| S. J. White | xx/xx/1955 | xxx-xx-xxx1 | xxxxx x 7x xx, Peoria, AZ |
| S. D. White | xx/xx/1952 | xxx-xx-xxx1 | xxxx Bxxxxx Dr, Reno, NV |
| L. Cochran | xx/xx/1954 | xxx-xx-xxx8 | xxxxx Cxxxx Rd, Bellville, MI |

19. TPD made contact with A. Miller, A. White, K. Davis, S. Miller, S. Scott, and S. J. White. All of the individuals advised that they did not know FRAIZER, nor did he or anyone else have permission to possess their PII. They all provided statements to TPD stating that they wished for FRAIZER to be prosecuted.

20. TPD also made contact with R. A. Bettinger. He advised that his wallet had contained his social security card when it was stolen from his vehicle in 2018. He also provided a statement to TPD stating that he did not know FRAIZER and wished for him to be prosecuted.

## Conclusion

21. Based on the investigation thus far, including the facts set forth above, your affiant submits that there is probable cause to believe that FRAIZER has executed a scheme to defraud, and that FRAIZER, within a one-year period, used one or more unauthorized access devices to obtain more than $1,000, and did so knowingly and with intent to defraud.

22. Therefore, your affiant believes that probable cause exists that FRAIZER violated 18 U.S.C. § 1029(a)(2) (Fraud and Related Activity in Connection with Access Devices).

Christopher Bachand
Task Force Officer

Sworn to before me and signed in my presence and/or by electronic means.

Kimberly G. Altman
United States Magistrate Judge

Dated: April 6, 2022